**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

YONGLI XU

               **Case No. C-3-07-203**

      **Plaintiff,**

               **Judge Thomas M. Rose**

**-v-**

**ALBERTO GONZALES,**
**United States Attorney General, et al.,**

      **Defendants.**

_____

**ENTRY AND ORDER GRANTING DEFENDANTS' MOTION TO**
**DISMISS (Doc. #7) AND TERMINATING THIS CASE**

_____

Plaintiff Yongli Xu ("Xu") seeks to compel the Defendants to adjudicate his Application

To Register Permanent Residence or Adjust Status, Form I-485 (the "Application"). The named

Defendants are Alberto Gonzales, the United States Attorney General, Michael Chertoff, the

Secretary of the United States Department of Homeland Security (the "DHS") and Emilio

Gonzales, the Director of the United States Citizenship and Immigration Services[1] (the

"USCIS"). Xu complains that the Defendants have violated the Administrative Procedures Act, 5

U.S.C. § 701 et seq. by withholding or unreasonably delaying action on his Application.

Now before the Court is the Defendants' Motion To Dismiss brought pursuant to

Fed.R.Civ.P. 12(b)(1) and 12(b)(6). This Motion is now fully briefed and ripe for decision. A

brief background will first be set forth followed by the standard of review and an analysis of the

Motion.

_____

      [1]The USCIS is a division of the DHS.

**BACKGROUND**

Xu, a citizen of the People's Republic of China, came to the United States in 1999 as an F-1 foreign student. (Compl. ¶ 2.) In February 2007, he was approved for a change of status and held a valid H-1B visa at the time his Complaint was filed.

In December of 2004, Xu filed a Form I-485, Application To Register Permanent Residence or Adjust Status (the "Application"). (Id. ¶ 9.) He filed his Application with the USCIS's Nebraska Service Center. (Declaration of F. Gerard Heinauer ("Heinauer Decl.") ¶ 3 Aug. 6, 2007.)

Xu's Application is based upon an Immigrant Petition for Alien Worker ("Form I-140"). (Id. ¶ 4.) The goal of the Form I-140 and the Application filings is to obtain lawful permanent resident (green card) status for Xu and any qualified dependent spouse or child through employment in the United States. (Id.)

A Form I-140 regarding Xu was filed by UES, Inc. on November 12, 2004. (Id.) Xu's Form I-140 was approved on June 10, 2005. (Compl. ¶ 9.) Approval of the related Application remains pending. (Id. ¶ 10.)

When an alien applies for adjustment of status, as well as to obtain other immigration benefits, the USCIS conducts a background investigation of the alien which includes a Federal Bureau of Investigation ("FBI") name check, an Interagency Border Inspection System ("IBIS") check and an FBI fingerprint check. (Heinauer Decl. ¶ 8.) In addition, the DHS checks its own immigration systems. (Id.) The background checks are performed to ensure that the alien is eligible for the immigration benefit and that the alien is not a risk to national security or public safety. (Id.)

Xu's preliminary IBIS checks have been completed. (Id. ¶ 13.) Remaining IBIS checks are performed at the time of final adjudication of the Application. (Id.)

Xu's FBI fingerprints have also been checked. His fingerprints were taken on January 20, 2005, January 26, 2006, and April 3, 2007. (Id. ¶ 12.) Fingerprint checks must be less than fifteen months old at the time an application or petition is adjudicated so the fingerprint checks are updated to ensure that the application is ready to be adjudicated when the FBI name check is completed. (Id.)

Xu 's name check request was submitted to the FBI on December 30, 2004. (Id. ¶ 14.) The FBI acknowledged receipt of this name check request on January 8, 2005. (Id.) This name check request remains pending. (Id.)

The FBI indicates that there has been a change in the way in which name checks are conducted and a significant increase in the number of requests for name checks since 9/11/01. (Declaration of Michael A. Cannon ("Cannon Decl.") ¶¶ 16-19 June 29, 2007.) As a result, the FBI has not completed Xu's name check and cannot provide a specific or general time frame for completing it. (Id. ¶ 20-22.)

Xu avers that no action has been taken on his Application since June of 2005. (Compl. ¶ 10.) As a result, on June 25, 2007, Xu initiated the present action in which he complains that the Defendants are "unlawfully withholding or unreasonably delaying" action on his Application. He also alleges that he has been damaged in that his employment authorization and ability to travel is tied to his status as an applicant for permanent residence. (Id. ¶ 14.) At the time Xu's Complaint was filed, his Application had been pending for approximately twenty-nine months.

When a defendant seeks dismissal pursuant to both Rules 12(b)(1) and 12(b)(6), the

12(b)(1) motion must be considered first because the 12(b)(6) motion will become moot if the Court lacks subject matter jurisdiction and, as a result, grants the 12(b)(1) motion. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). Therefore, the Defendants argue, pursuant to Rule 12(b)(1), that this Court does not have subject matter jurisdiction will first be addressed.

**STANDARD OF REVIEW FOR 12(b)(1) MOTIONS TO DISMISS**

Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally fall into one of two categories: facial attack or factual attack. *Ohio National Life Insurance Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). A facial attack, which Defendants are asserting here, questions the sufficiency of the pleading. *Id.* In reviewing a facial attack, a trial court takes the allegations in the complaint as true. In reviewing a factual attack, no presumptive truthfulness applies. *Id.*

Regardless of the type of attack, the party asserting jurisdiction has the burden. *Thomson v. Gaskill*, 315 U.S. 442, 62 S. Ct. 673, 86 L. Ed. 951 (1942); *Moir*, 895 F. 2d 266; 5A Wright and Miller, *Federal Practice and Procedure, Civil 2d*, §1350 (1990). Further, jurisdiction must be proved by a preponderance of the evidence. *Wright v. United States*, 82 F.3d 419, 1996 WL 172119 (6th Cir. 1996).

**ANALYSIS OF 12(b)(1) MOTION**

Xu, who has the burden, argues that this Court has subject matter jurisdiction over his Complaint because he has met all of the essential elements of a mandamus action and the Defendants owe him a duty to complete the adjudication of his Application within a "reasonable time." Xu also argues that 28 U.S.C. § 1331 and the Administrative Procedures Act ("APA")

-4-

provide for subject matter jurisdiction over his Complaint.

Jurisdiction Under the Federal Mandamus Act

The Federal Mandamus Act, 28 U.S.C. § 1361 provides that district courts "shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus is intended to provide a remedy only if the plaintiff has exhausted all other avenues of relief and only if the defendant owes the plaintiff a clear nondiscretionary duty. *Heckler v. Ringer*, 466 U.S. 602, 617 (1984). A Writ of Mandamus may issue if (1) the plaintiff can show a clear right to the relief sought; (2) the defendants have a clear, non-discretionary duty to act; and (3) no other adequate remedy is available. *Nyaga v. Ashcroft*, 323 F.3d 906, 911 (11th Cir. 2003) (citing *Heckler* 466 U.S. at 617), *cert. denied*, 540 U.S. 1017 (2003).

However, the Mandamus Act generally does not provide an independent basis for federal jurisdiction. *Andrean v. Secretary of U.S. Army*, 840 F. Supp. 1414, 1420 (D.Kan.,1993) (citing *Craig v. Colburn*, 414 F. Supp. 185, 193 (D.Kan. 1976). It merely provides a remedy in actions otherwise properly brought on independent jurisdictional grounds. *Id.* (citing *Udall v. Oil Shale Corp.,* 406 F.2d 759 (10th Cir.1969), *rev'd on other grounds*, 400 U.S. 48 (1970); *Prairie Band of Pottawatomie Tribe of Indians v. Udall,* 355 F.2d 364 (10th Cir. 1966), *cert. denied,* 385 U.S. 831 (1966)). In other words, the duty owed to the plaintiff must arise on an independent basis that otherwise provides for federal jurisdiction.

There are, however, exceptions to the requirement that federal jurisdiction arises on an independent basis. In limited situations, Mandamus has been held to lie, absent independent jurisdiction, where the performance of an act is committed to discretion. An example is where

Federal officials are not acting within the zone of their permissible discretion but are abusing

their discretion or otherwise acting contrary to law. *Davis v. Shultz*, 453 F.2d 497, 502-03 (3d

Cir. 1971). Another example is where a Federal official is taking or failing to take a required

action as opposed to a decision taken within the Federal official's discretion. *Patel v. Reno*, 134

F.3d 929, 931-32 (9th Cir. 1997).

Some courts have found mandamus jurisdiction over adjustment-related claims, the issue

here, and considered whether a Writ of Mandamus should issue. *See Coal Operators and*

*Associates, Inc. v. Babbitt*, 291 F.3d 912, 915 (6th Cir. 2002)(the district court may take

jurisdiction to determine whether or not there is a duty owed); *Iddir v. I.N.S.*, 301 F.3d 492, 499

(7th Cir. 2002)(district courts have mandamus jurisdiction to compel an officer or employee of

the United States or any agency thereof to adjudicate visa applications); *Wan Shih Hsieh v.*

*Kiley*, 569 F.2d 1179, 1182 (2d Cir. 1978)(district court may consider whether INS has duty to

conduct an investigation to determine whether visas should be issued), *cert. denied*, 439 U.S.

828 (1978). Other courts have found that there is no mandamus jurisdiction over adjustment-

related claims.  *See Mt. Emmons Mining Co. v. Babbitt,* 117 F.3d 1167, 1170 (10th Cir.1997)(the

availability of a remedy under the APA technically precludes an alternative request for a writ of

mandamus); *Maldonado-Coronel v. McElroy*, 943 F. Supp. 376, 381

(S.D.N.Y.,1996)(mandamus jurisdiction does not lie to direct the exercise of administrative

discretion within its lawful boundaries).

This Court elects to follow Sixth Circuit mandatory precedence and the precedence set by

the Second and Seventh Circuits. This Court will take jurisdiction to determine whether a Writ of

Mandamus should issue on Xu's claim that the Defendants have failed to make a decision on his

Application. The analysis turns to the requirements for issue of a Writ of Mandamus.

1. Plaintiff's Right To Relief

As a basis for relief, Xu cites the Immigration and Nationality Act (the "INA"). Prior to 1952, aliens in the United States who were not and wanted to become immigrants had to leave the United States and apply for an immigrant visa at a consulate abroad. *Espin v. Gantner*, 381 F. Supp. 2d 261, 263 (S.D.N.Y. 2005)(citing *Elkins v. Moreno*, 435 U.S. 647, 667 (1978)). Recognizing that there were aliens in the United States who could show that they qualified for immigrant status and who wished to avoid a costly trip out of the United States to obtain a visa, Congress created a mechanism for adjusting an alien's status. *Id.* That mechanism is contained in the INA at 8 U.S.C. § 1255(a). *Id.* In this section, Congress gave the Attorney General discretion to adjust the status of an eligible alien already present in the United States to that of a lawful permanent resident. *Id.*

Section 1255(a) provides that the status of an alien who was inspected and admitted or paroled into the United States or the status of any other alien having an approved petition for classification may be adjusted by the Attorney General, in his discretion and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence if (1) the alien makes an application for such adjustment, (2) the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and (3) an immigrant visa is immediately available to him at the time his application is filed. 8 U.S.C. § 1255(a). Further, the applicant shall be notified of the decision of the director and, if the application is denied, the reasons for the denial. 8 C.F.R. § 245.2(a)(5)(i).

The INA gives Xu a right to have his Application adjudicated and the Defendants do not

-7-

argue otherwise. Therefore, the first requirement to obtain a Writ of Mandamus has been satisfied.

2. Clear, Nondiscretionary Duty To Act

Unless the INA or some other statute creates a duty by the Attorney General to Xu, mandamus will not lie. Xu argues that, while the Attorney General has a discretionary duty to adjudicate his Application as to final approval or denial under the INA, the Attorney General does not have discretion to fail to act entirely.

However, this argument is without merit. Section 1255(a) clearly gives the Attorney General discretion to adjudicate Xu's Application. Also, Section 1255(a) does not identify a time period in which the adjudication of an application is to be completed. *See Zhang v. Secretary of Homeland Security*, No. 1:07CV224, … WL …, (N.D. Ohio Aug. 31, 2007); *Shen v. Chertoff*, 494 F. Supp. 2d 592, 595 (E.D.Mich. 2007); *Elzer v. Mueller*, 2007 WL 1221195 at *2 (E.D. Pa. Apr. 23, 2007). The absence of any such time period in which to adjudicate an application is consistent with Congress's intent to provide discretion to the Attorney General over not just the adjustment of status decision, but also over the process employed to reach that decision, including the completion of background and security checks. *Safadi v. Howard*, 466 F. Supp. 2d 696, 699 (E.D.Va. 2006). Therefore, Xu has not pled factual allegations that create a duty by the Attorney General to adjudicate his Application within a certain time period based upon 8 U.S.C. § 1255(a).

Xu also argues that a duty to adjudicate his Application arises under the Administrative Procedures Act ("APA"). The APA permits courts to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). It further provides that "[a] person

suffering a legal wrong because of an agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

The APA also provides that, "with due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). However, an individual cannot seek to compel "agency action [that] is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Also, a claim is unreviewable by the court where the agency has not forestalled decisive action regarding the matter, but is in the process of gathering the information necessary to make its decision. *National Parks Conservation Association v. Norton*, 324 F.3d 1229, 1240 (11th Cir. 2003).

The Supreme Court has determined that, "the only agency action that can be compelled under the APA is action legally required." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004). A claim may not be reviewed by a court if the relevant agency action is "committed to agency discretion by law." 5 U.S.C. § 701(a)(2). This means that "review is not to be had if the statute is drawn so that the court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821 (1985).

As determined above, the legally required action is to adjudicate Xu's Application. This the USCIS is doing and is to do in its discretion. However, the APA does not permit this Court to compel the USCIS to adjudicate Xu's Application within any sort of time frame.

Even if this Court were to find that Sections 555(b) and 706(1), in combination, created limited circumstances for the exercise of subject matter jurisdiction over the adjudication of

Xu's Application, the facts that give rise to such jurisdiction are not pled by Xu. This is not a case where the Defendants have taken no action or have refused to act on Xu's Application.

Xu has not alleged any facts that would show that his application has been unreasonably delayed or that the Defendants are adverse to processing his Application. He has not alleged that the USCIS has acted in bad faith or remained completely idle. He has not shown that approval of his Application has been unreasonably withheld or unreasonably delayed. Xu asserts that the USCIS has taken his Application, approved the underlying Form I-140, have met with him and have requested the appropriate background checks. Therefore, Xu has not pled factual allegations that create a duty by the Attorney General to adjudicate his Application within a certain time period based upon the APA.

## Decisions By Other Courts

No direct controlling Sixth Circuit precedence exists on the jurisdictional issues raised by the Defendants' Motion and Xu's Response. However, several district courts have recently considered these issues and, "the decisions addressing whether mandamus jurisdiction exists to review such claims are widely divided." *Tang v. Chertoff*, No. 07-203-JBC, 2007 WL 2462187 at * 3 (E.D. Ky. Aug. 29, 2007).

*Compare Tang*, 2007 WL 2462187 at *4 (the USCIS has a non-discretionary duty to reach its decision on an I-485 application within a reasonable time); *Singh v. Still*, 470 F. Supp. 2d 1064, 1067 (N.D. Cal. 2007)(USCIS has mandatory duty to act on I-485 applications); *Xu v. Chertoff*, No. 07-366, 2007 WL 2033834 at *4 (D.N.J. July 11, 2007)(the duty to process applications within a reasonable time is a non-discretionary duty imposed by the APA and reviewable through the mandamus statute); *Yan Yang v. Gonzales*, No. 2:07-CV-050, 2007 WL

1726501 at *2 (S.D. Ohio 2007)(complaint invoking court's mandamus jurisdiction to compel

the resolution of I-485 applications was sufficient to overcome motion to dismiss); *Song v.*

*Klapakas*, No. 06-05589, 2007 WL 1101283 at *3 (E.D. Pa. Apr. 12, 2007)(defendants owe

applicants a non-discretionary duty to act on their applications in a reasonable time) *with Zhang*

(court refused to exercise jurisdiction to review pending I-485 applications); *Ziu v. Chertoff*,

486 F. Supp. 2d 412- 420-21 (D.N.J. 2007)(the USCIS has no clear duty to adjudicate

applications and the court, therefore, lacks mandamus jurisdiction and jurisdiction under the

APA); *Grinberg v. Swacina*, 478 F. Supp. 2d 1350, 1352-55 (S.D. Fla. 2007)(USCIS has no

clear duty to adjudicate an application within a particular time); *Chehab. v. Chertoff*, No. 07-

11068, 2007 WL 2372356 at *2 (E.D. Mich. Aug. 17, 2007)(when a court lacks power to

review the ultimate agency decision and the agency's cases are backlogged, taking jurisdiction

to compel adjudication would do nothing more than shuffle to the front of the line those I-485

applicants who file a complaint in federal court); *Elzerw v. Mueller*, No. 07-00166, 2007 WL

1221195 at *2 (E.D. Pa. Apr. 23, 2007)(jurisdiction declined where neither the statutes nor the

enabling regulations establish a time frame for the adjudication of applications); *Shen*, 494

F.Supp. 2d at 595-96 (jurisdiction is lacking because the USCIS does not have a non-

discretionary duty to process I-485 applications and the statute lacks a mandatory time

constraint by which an application must be adjudicated); *Kiromi v. District Director, USCIS*

*Detroit*, No. 07-10446, 2007 WL 2049521 *2 (E.D. Mich. July 13, 2007)(writ of mandamus

will not issue where USCIS has discretion in performing its statutory obligation to adjudicate an

application).

This Court finds persuasive the reasoning in the cases where courts have refused to

exercise jurisdiction for the purpose of reviewing pending I-485 applications. The Congress of the United States has the power to exclude aliens altogether from the United States or to prescribe the terms and conditions upon which aliens may come to this country. *Kleindienst v. Mandel*, 408 U.S. 753, 7666 (1972). Further, Congress may have its policy regarding aliens enforced exclusively through executive officers without judicial intervention. *Id.* To this end, Congress enacted the INA wherein the Attorney General is given discretionary power to adjust alien status. 8 U.S.C. § 1255(a). Finally, the INA does not identify a time-period with which the process of adjusting alien status is to be completed. The "absence of any such reference is consistent with, and confirmatory of, Congress' intent to confer on USCIS discretion over not just the adjustment of status decision, but also the process employed to reach that result, and to exclude from judicial review the exercise of all that discretion." *See Safadi*, 466 F. Supp. 2d at 699.

In this case, Xu has failed to demonstrate in his Complaint that the Defendants have a non-discretionary duty to act on his Application. Xu's Complaint does not meet the second requirement that must be satisfied to obtain a Writ of Mandamus. This Court does not have subject matter jurisdiction pursuant to the Mandamus Act.

<u>Jurisdiction Under the APA</u>

Xu also argues that this Court has federal question jurisdiction pursuant to the APA. However, the APA, by itself, does not provide an independent basis for subject matter jurisdiction. *Califano v. Sanders*, 430 U.S. 99, 105-06 (1977). But, the APA in conjunction with the federal question statute, 28 U.S.C. 1331, may allow federal courts to establish subject matter jurisdiction provided that there is a valid APA claim.

In this case, as determined above, Xu has not made a claim recognized under the APA. Therefore, this Court does not have subject matter jurisdiction over Xu's claim pursuant to the federal question statute.

## SUMMARY

While the Court recognizes that delays, such as the one being experienced by Mr. Xu, can be very frustrating, national security requires that caution and thoroughness be used in these matters. The United States Government has a legitimate interest in ascertaining the background of individuals seeking admission into this Country to protect the security of citizen and alien alike. To that end, this Court will not provide a mechanism to obtain lawful residency in this Country without the necessary background checks.

Xu's Complaint, on its face, does not state a claim over which this Court has subject matter jurisdiction. Therefore, the Defendants' Motion To Dismiss is GRANTED and Xu's Complaint is DISMISSED. Also, Xu's request for recovery of litigating costs and attorneys' fees is DENIED. The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Fifth day of September, 2007.

**s/Thomas M. Rose**

_____

THOMAS M. ROSE
UNITED STATED DISTRICT JUDGE

Copies furnished to:

Counsel of Record